UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RANDY B. WHITE,

    Plaintiff,

v.                                 Case No. 3:22-cv-677-MMH-JBT

FLORIDA STATE PRISON, et al.,

    Defendants.
_____

## ORDER

Plaintiff, a state inmate proceeding *in forma pauperis*, initiated this action by filing a pro se Civil Rights Complaint. Doc. 1. He is proceeding on an Amended Complaint. Doc. 8. Plaintiff names four Defendants: Florida State Prison; Captain Knight; Sergeant C. Tyre; and Sergeant Prock. *Id.* at 1-3. From what the Court can decipher, the gravamen of Plaintiff's Amended Complaint involves events that occurred on August 28, 2021, while housed at Florida State Prison. *Id.* at 6. On that day, Plaintiff alleges he was sprayed with three cans of chemical agents and then taken to the shower cell. *Id.* at 6-9. According to Plaintiff, when he was in the shower, "[t]hey punched [Plaintiff] and choked" him and "grab[bed] his penis." *Id.* at 7. He asserts that after this use of force, "they" then placed Plaintiff on property restriction and returned him to his cell with no mat to sleep on. *Id.* He also contends that all his personal property went missing. *Id.* at 4.

Plaintiff also raises other claims that appear unrelated to the August 28, 2021, use of force. He alleges that on April 19, 2022, Defendant Prock sprayed him with chemical agents, and that on April 20, 2022, Defendant Prock "force[d] the cell extraction team on [him] and beat [him] up." *Id.* at 7. Plaintiff also seems to allege that on April 20, 2022, he was sprayed with chemical agents. *Id.* at 4. According to Plaintiff, the April 2022 events were in retaliation for Plaintiff "beat[ing]" a disciplinary report Defendant Prock issued on January 28, 2022. *Id.*

Upon review, the Court finds that Plaintiff must file a second amended complaint if he desires to proceed in this case. First, Plaintiff's factual allegations are not "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Rather, they are rambling and confusing, and his use of legal conclusions rather than factual allegations adds to the confusion. While background information may be helpful, it is unnecessary unless it relates to the claims raised. He must also focus his factual allegations on how each named defendant violated his rights. Second, Plaintiff raises several unrelated and distinct claims that involve allegations and events that occurred on different days. He must choose one claim or related claims. For example, he can focus his second amended complaint on the events that allegedly occurred on August 28, 2021, (alleged use of excessive force in shower cell), or he can focus his second amended complaint on the April 2022 alleged events, he should not raise both August 28, 2021, claims and April 2022, claims. The claims that are unrelated to the events Plaintiff chooses to pursue in this action may be

2

pursued in a separate civil rights case. In amending, Plaintiff should consider the following.

The second amended complaint must provide "a **short** and **plain** statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Federal Rule of Civil Procedure 10(b) requires all averments of the claim be made "in numbered paragraphs, each limited as far as practicable to a **single set of circumstances**." (emphasis added).

To survive dismissal, a complaint must allege facts, accepted as true, that state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The standard asks for less than a probability but "more than a sheer possibility that a defendant has acted unlawfully." *Id.* That a court must accept factual allegations as true does not apply to legal conclusions. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of a right secured under the Constitution or laws of the United States. *See Salvato v. Miley*, 790 F.3d 1286, 1295 (11th Cir. 2015); *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). Moreover, "conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal." *Rehberger v. Henry Cty., Ga.*, 577 F. App'x 937, 938 (11th Cir. 2014) (per curiam) (quotations and citation omitted).

3

In filing a second amended complaint, Plaintiff must satisfy the pleading standards. In addition:

1. The second amended complaint must be on a civil rights complaint form.

2. The second amended complaint must be marked, "Second Amended Complaint."

3. The second amended complaint must state the full name of each defendant (to the extent the plaintiff knows the full name) in both the case caption and the listing of "Parties to This Complaint" in § I.B.

4. The second amended complaint or a separate filing must provide current addresses for each defendant.

5. The second amended complaint must allege facts about each defendant that make plausible a claim against that defendant. **A legal conclusion does not suffice**. An example of a factual allegation is, "The light was red." An example of a legal conclusion is, "The defendant was negligent."

6. The second amended complaint must allege facts that connect each defendant to the alleged injury.

7. The second amended complaint must be signed and dated after this statement on the form:

    > Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the

4

complaint otherwise complies with the requirements of Rule 11.

The Court **directs** the Clerk to send Plaintiff a civil rights complaint form. By **September 27, 2022**, Plaintiff must mail the Court the second amended complaint and any exhibits. Failure to comply may result in the dismissal of this action.

**Ordered** in Jacksonville, Florida, on August 26, 2022.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Jax-7

C:  Randy B. White, #C08816

5