UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RANDY WHITE,

        Plaintiff,

v.                                  Case No. 3:22-cv-677-MMH-JBT

ERIC PROCK and
CHARLES TYRE,[1]

        Defendants.
_____

## **ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff, Randy White, an inmate of the Florida penal system, initiated this action pro se by filing a Complaint under 42 U.S.C. § 1983 (Doc. 1). Finding that White failed to allege how each named Defendant violated his rights, the Court directed him to file an amended complaint. See Doc. 7. White filed an Amended Complaint (Doc. 8), but because White raised several unrelated claims involving allegations and events that occurred on different days, the Court directed White to file a second amended complaint. See Doc. 10. In doing so, the Court advised White, inter alia, that his second amended complaint must "allege facts about each defendant that make plausible a claim against

---

[1] The docket caption states "Tyree" but White's SAC states "Tyre." SAC at 2. The **Clerk** is directed to correct the caption to reflect Tyre as the spelling of this Defendant's last name.

that defendant" and "allege facts that connect each defendant to the alleged injury." Id. The Court also cautioned White that "failure to comply may result in dismissal of this action." Id. at 5.

Before the Court is White's Second Amended Complaint. See Doc. 11 (SAC). He names two Defendants – Sergeant Eric Prock and Sergeant Charles Tyre. Id. at 2. According to White, on August 28, 2021, while housed at Florida State Prison, Defendant Tyre, who was handing out meals, asked White "to step to the back" of his cell before receiving his food. Id. at 5. White alleges that before stepping back, he asked Tyre why he was the only inmate who had to step back, and Tyre replied, "I[']m finna spray you" before walking away from White. Id. According to White, sometime later, unnamed individuals then sprayed him with "3 cans of chemical agents" for no reason. Id.

He states that afterward, "they [took] [him] to B wing for a decontamination shower," and during the shower, "they" punched, choked, and grabbed White's genitals. Id. White contends "they" then placed him on property restriction and threw away all his property. Id. He asserts that when Defendant Tyre brought him his property receipt, none of his property was listed on the receipt. Id. at 6. According to White, "Tyre is known for throwing away people[s'] property." Id. at 7. He further contends Tyre harassed him for several days. Id. White makes no allegations involving Defendant Prock. See generally id.

2

White asserts that after the use of physical force, he urinated blood and put in a sick-call request, but he received no treatment. Id. at 7. As relief, he requests monetary damages, or the return of his family photos and the other property confiscated after the use of force. Id.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe

3

v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). However, the duty of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017)[2] (citing GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

White's SAC is subject to dismissal under this Court's screening obligation because he fails to "state a claim to relief that is plausible on its face." See Iqbal, 556 U.S. at 678. To state a claim under § 1983, a plaintiff must allege "(1) both that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." See Bingham, 654 F.3d at 1175 (alteration in original).

Liberally read, White's SAC fails to state a plausible § 1983 claim. As to any claim of excessive force, the core inquiry is "'whether force was applied in

---

[2] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

4

a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam) (quoting Hudson v. McMillian, 503 U.S. 1, 7 (1992)). "If force is used maliciously and sadistically for the very purpose of causing harm, then it necessarily shocks the conscience. If not, then it does not." Cockrell v. Sparks, 510 F.3d 1307, 1311 (11th Cir. 2007) (internal quotation marks and citations omitted). As with other Eighth Amendment claims, the Court must consider both a subjective and an objective component: (1) whether the "officials act[ed] with a sufficiently culpable state of mind," and (2) "if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation." Hudson, 503 U.S. at 8.

White fails to allege sufficient facts to connect either Defendant to his allegations of excessive force. While White alleges that Tyre threatened to spray him, White asserts that Tyre walked away after the threat, and he makes no suggestion that Tyre then ordered or participated in the unnamed individuals' use of chemical agents. Also, and likely of more import, White primarily alleges that his injuries occurred during the use of physical force in the decontamination shower. But White does not allege that Tyre ordered the use of physical force or that Tyre participated in the use of physical force. Instead, he asserts that Defendant Tyre's verbal threat about chemical agents is related to the physical assault White later endured at the hands of other

unnamed individuals. This alleged link is too attenuated, and White's bare-bones allegations do not permit the inference that the named Defendants – one of which he never references in his description of the incident – used excessive physical force against him or participated in any use of force against him. And his assertions are too vague and conclusory to state a claim for relief.

Finally, White's allegations about his lost or damaged property are not cognizable under § 1983. The Due Process Clause is not offended when a state employee intentionally deprives a prisoner of his property if the state provides him with a meaningful post-deprivation remedy. See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Jackson v. Hill, 569 F. App'x 697, 698 (11th Cir. 2014); Taylor v. McSwain, 335 F. App'x 32, 34 (11th Cir. 2009) ("Regarding deprivation of property, a state employee's unauthorized intentional deprivation of an inmate's property does not violate due process under the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available."). White has an available, adequate post-deprivation remedy under state law. "Under Florida law, [a plaintiff] can sue the officers for the conversion of his personal property." Jackson, 569 F. App'x at 698 (citing Case v. Eslinger, 555 F.3d 1317, 1331 (11th Cir. 2009)). Moreover, any assertion that Defendant Tyre was negligent when he failed to ensure that White's property was replaced or returned does not rise to the level of a Fourteenth Amendment violation. See Maddox v. Stephens, 727 F.3d 1109, 1119 (11th Cir. 2013)

6

(stating mere negligence does not rise to the level of a substantive due process violation). As such, this claim is due to be dismissed.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 22nd day of December, 2022.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

Jax-7
c: Randy B. White, #C08816